**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, <br><br> *Plaintiff*, <br><br> v. <br><br> FEDERAL TRADE COMMISSION; ANDREW N. FERGUSON, in his official capacity as Chair of the Federal Trade Commission; MARK R. MEADOR, in his official capacity as Commissioner of the Federal Trade Commission, <br><br> *Defendants*. | Case No. 1:26-cv-00508-CRC |

**<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

In connection with its pending motion for a preliminary injunction, Plaintiff American Academy of Pediatrics ("AAP") respectfully submits this notice of supplemental authority regarding the Supreme Court's recent decision in *First Choice Women's Resource Centers, Inc. v. Davenport,* No. 24-781 (U.S. Apr. 29, 2026) (attached as Exhibit A).

In *First Choice*, the Court considered whether a nonprofit that had been served a subpoena by the New Jersey Attorney General, which demanded the identities of its financial supporters, may challenge the subpoena's constitutionality in federal court under the First Amendment.  Op. at 1.  First Choice sought a preliminary injunction preventing the New Jersey Attorney General from enforcing the subpoena.  *Id.* at 4.

The Court held that First Choice had "established a present injury" to satisfy Article III standing based on the burden the subpoena imposed on its First Amendment rights.  *Id.* at 10–11. The Court expressly rejected the New Jersey Attorney General's argument that First Choice had

suffered no injury because the subpoena was "non-self-executing," or in other words imposed no legal obligation until a court enforced it. *Id.* at 15. The Court explained that "[t]he value of a sword of Damocles is that it hangs—not that it drops." *Id.* As a result, "[a]n objectively reasonable recipient" of this subpoena "would be induced . . . to trim its protected advocacy knowing it now stands in the government's crosshairs." *Id.* The Court also rejected New Jersey's reliance on *FTC v. Claire Furnace Co.*, 274 U.S. 160 (1927), and *Reisman v. Caplin*, 375 U.S. 440 (1964), noting that the plaintiffs in those cases, unlike First Choice, "did not allege a present injury from the subpoena itself, but complained only of future injuries they might face if a court enforced the subpoena." *Id.* at 18. In contrast, First Choice suffered injury to its First Amendment rights by the issuance of the subpoena, "an injury that it continues to experience so long as the subpoena remains outstanding." *Id.* at 17.

Dated: April 30, 2026

Respectfully submitted,

By: */s/ Stacey K. Grigsby*

Stacey K. Grigsby (DDC Bar No. 491197)
Laura Kim (DDC Bar No. 473143)
Amber M. Charles (DDC Bar No. 1035226)
Alexandra J. Widas (DDC Bar No. 1645372)
Alexandra J. Remick (DDC Bar No. 1737692)
COVINGTON & BURLING LLP
One CityCenter
850 10th Street NW
Washington, DC 20001
sgrigsby@cov.com
lkim@cov.com
acharles@cov.com
awidas@cov.com
aremick@cov.com

**Attorneys for Plaintiff American Academy of Pediatrics**

2