**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AMERICAN ACADEMY OF PEDIATRICS,

*Plaintiff*,

v.

FEDERAL TRADE COMMISSION et al.,

*Defendants*.

Civil Action No. 1:26-CV-0508 (CRC)

**DEFENDANTS' RESPONSE
TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

American Academy of Pediatrics cites the Supreme Court's decision in *First Choice Women's Resource Centers, Inc. v. Davenport*, No. 24-781 (U.S. Apr. 29, 2026).  Tellingly, AAP does not claim that decision advances its cause.  Rightly so: *First Choice* does not cure this Court's lack of jurisdiction or AAP's failure to show a likelihood of success on the merits.

*First Choice* addressed only a "narrow question": whether a pregnancy center had Article III standing to challenge a state "subpoena's constitutionality in federal court" under 42 U.S.C. § 1983.  Op. at 1, 5.  The Supreme Court concluded that the pregnancy center's allegations of "actual and ongoing" First Amendment injury "satisf[ied] the injury-in-fact requirement" for standing.  *Id.* at 6.  But Article III standing is not at issue here.

In fact, *First Choice* is fully consistent with the FTC's position that this Court lacks jurisdiction because the FTC Act provides an exclusive judicial-review scheme.  The Court confirmed that federal courts lack "equitable authority" in cases like this one, where "the federal government would sue to enforce subpoenas" in federal court, because that path to a federal forum in an enforcement action provides an "adequate remedy at law."  *Id.* at 18 (citing *Claire Furnace* and *Reisman*).  The distinction between review in a state court (as in *First Choice* and *Paxton*) and

1

in a federal court (as here), is thus a "difference [that] matters." *Id.* Meanwhile, *First Choice*'s analysis of a subpoena issued under a *state* statute provided no occasion to consider *Thunder Basin*'s claim-channeling framework for *federal* statutes. And the Court's standing analysis is irrelevant to that framework, which presupposes an ongoing injury sufficient for Article III standing. Op. Br. 18 & n.8.

*First Choice* also does not help AAP on the merits. Whether the pregnancy center there alleged a sufficient Article III injury at the pleading stage—where a plaintiff's allegations are taken "as true," Op. at 11—has no bearing on whether AAP has made a clear showing of irreparable harm or of a likelihood of success on the merits. Again, it is telling that AAP does not claim otherwise.

Dated: May 5, 2026

Respectfully submitted,

OF COUNSEL:

LUCAS CROSLOW
*General Counsel*

Alex Potapov
*Deputy General Counsel*

ETHAN D. BECK
*Counsel to the General Counsel*

CHRISTOPHER MUFARRIGE
*Director*, Bureau of Consumer Protection

KATHERINE WHITE
*Deputy Director*, Bureau of Consumer Protection

*Federal Trade Commission*
*600 Pennsylvania Ave., N.W.*
*Washington, DC 20580*
*(202) 326-2110*
*ebeck@ftc.gov*

BRETT A. SHUMATE
*Assistant Attorney General, Civil Division*

DANIEL F. MUMMOLO
*Counsel to the Assistant Attorney General*

*/s/ John Bailey*

JOHN BAILEY
*Counsel to the Assistant Attorney General*
*United States Department of Justice*
*Civil Division*
*950 Pennsylvania Ave. NW*
*Washington, DC 20530*
*Phone: (202) 514-6993*
*Email: john.bailey@usdoj.gov*

*Attorneys for Defendants*