**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, <br><br> *Plaintiff*, <br><br> v. <br><br> FEDERAL TRADE COMMISSION; ANDREW N. FERGUSON, in his official capacity as Chair of the Federal Trade Commission; MARK R. MEADOR, in his official capacity as Commissioner of the Federal Trade Commission, <br><br> *Defendants*. | Case No. 1:26-cv-00508-CRC |

**<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

In connection with its pending motion for a preliminary injunction, Plaintiff American Academy of Pediatrics ("AAP") respectfully submits this notice of supplemental authority regarding two recent decisions by Chief Judge Boasberg enjoining the Federal Trade Commission ("FTC") from enforcing Civil Investigative Demands ("CIDs") served on the Endocrine Society ("ES") and the World Professional Association for Transgender Health ("WPATH"), *Endocrine Soc'y v. FTC*, No. 1:26-cv-00512-JEB, ECF No. 38 (D.D.C. May 7, 2026) ("*Endocrine Soc'y*," attached as Exhibit A); *World Prof. Ass'n for Transgender Health v. FTC*, No. 1:26-cv-00532-JEB, ECF No. 41 (D.D.C. May 7, 2026) ("*WPATH*," attached as Exhibit B).

Like ES and WPATH, AAP is a 501(c)(3) non-profit organization whose work includes education and advocacy supporting gender-affirming care as treatment for gender dysphoria. *WPATH* at 3. Like ES and WPATH, AAP received a sweeping CID from the FTC seeking documents related to its work on gender-affirming care, including the development of guidance

and materials used in educational and advocacy work. *Endocrine Soc'y* at 8. And like ES and WPATH, AAP challenged its CID as a retaliatory response to the organization's statements on healthcare for transgender individuals, in violation of its First Amendment rights. *WPATH* at 3. In addressing the First Amendment challenges brought by ES and WPATH, Judge Boasberg repeatedly acknowledged the nearly identical circumstances between all three organizations, *Endocrine Soc'y* at 8, *WPATH* at 3, before granting preliminary injunctions preventing enforcement of the FTC's allegedly retaliatory CIDs.

The Court first found that it had jurisdiction over ES and WPATH's pre-enforcement constitutional challenges to the CIDs. *See Endocrine Soc'y* at 17. The Court relied on the D.C. Circuit's opinion in *Media Matters for America v. FTC*, deciding that First Amendment challenges to retaliatory CIDs were not the types of claims that Congress intended to channel away from federal court and into agency proceedings in the first instance. *See Endocrine Soc'y* at 12–14 (citing 2025 WL 2988966, at *3 (Oct. 23, 2025)). Consistent with the Supreme Court's ruling in *First Choice Women's Resource Centers, Inc. v. Davenport,* No. 24-781 (U.S. Apr. 29, 2026), the Court also found that pre-enforcement review was necessary to sufficiently protect the recipients of retaliatory CIDs from First Amendment harms. *Endocrine Soc'y* at 15.

On the merits, the Court held that both ES and WPATH were likely to succeed on their First Amendment retaliation claims. The Court found First Amendment injury because, for example, ES had experienced hesitance from long-time associates to collaborate on research and educational efforts. *Endocrine Soc'y* at 21–22, and WPATH's leadership had been forced to reassess its leadership on "certain educational and certification programs," *WPATH* at 5–6. The Court also noted the negative effects on members of the both societies for fear of individual government retribution. *Endocrine Soc'y* at 21–22; *WPATH* at 5–6. The Court further held that ES

and WPATH had established the necessary causal link between their protected speech on gender-affirming care and the FTC's investigatory demands. In doing so, the Court rejected any contention that aggrieved CID recipients needed to prove that "there was no reasonable basis" for the CIDs issued before establishing a First Amendment violation. *Endocrine Soc'y* at 23; *WPATH* at 7. The Court instead applied a but-for causation standard. *Endocrine Soc'y* at 24; *WPATH* at 7. In evaluating causation, the Court considered the Trump Administration's public opposition to "the trans agenda," *Endocrine Soc'y* at 25; *WPATH* at 7, statements from Chair Ferguson and other senior FTC staff, *Endocrine Soc'y* at 25–26; *WPATH* at 7, the breadth of the CIDs issued, *Endocrine Soc'y* at 29–30; *WPATH* at 7–8, and the "wafer-thin" link between the FTC's purported investigations and the CIDs issued. *WPATH* at 9; *see also Endocrine Soc'y* at 29–30. All factors weighed in favor of immediate relief.

Based on the foregoing, Judge Boasberg issued preliminary injunctions for both plaintiffs in tandem, finding that ES and WPATH each had a substantial likelihood of succeeding on the merits of their retaliation claims, and preventing the FTC from enforcing the CIDs.

Dated: May 11, 2026                          Respectfully submitted,

                                             By: */s/ Stacey K. Grigsby*_____

                                             Stacey K. Grigsby (DDC Bar No. 491197)
                                             Laura Kim (DDC Bar No. 473143)
                                             Amber M. Charles (DDC Bar No. 1035226)
                                             Alexandra J. Widas (DDC Bar No. 1645372)
                                             Alexandra J. Remick (DDC Bar No. 1737692)
                                             COVINGTON & BURLING LLP
                                             One CityCenter
                                             850 10th Street NW
                                             Washington, DC 20001
                                             sgrigsby@cov.com
                                             lkim@cov.com
                                             acharles@cov.com

awidas@cov.com
aremick@cov.com

***Attorneys for Plaintiff American Academy of
Pediatrics***