**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AMERICAN ACADEMY OF PEDIATRICS,

*Plaintiff*,

v.

FEDERAL TRADE COMMISSION et al.,

*Defendants*.

Civil Action No. 1:26-CV-0508 (CRC)

**DEFENDANTS' RESPONSE
TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respond to the Notice submitted by Plaintiff regarding *Endocrine Society v. FTC*, 2026 WL 1257289 (D.D.C. May 7, 2026), and *World Professional Ass'n for Transgender Health v. FTC*, 2026 WL 1257321 (D.D.C. May 7, 2026). Those nonbinding decisions are unpersuasive and distinguishable.

Initially, Chief Judge Boasberg's rulings were expressly tied to the particular facts before him and cannot simply be transplanted to this case. And in any event, the analysis underlying those decisions is deeply flawed in several important respects. For example, the opinions repeatedly rely on assertions about which organizations the Commission is investigating, notwithstanding the absence of allegations or evidence concerning the scope of the Commission's nonpublic investigation. *See Endocrine*, 2026 WL 1257289, at *11-13; *WPATH*, 2026 WL 1257321, at *3-4. The decisions likewise rely heavily on comments by non-decisionmakers and outside speakers at the FTC workshop, *see Endocrine*, 2026 WL 1257289, at *11, but retaliatory-motive analysis turns on the motives of the relevant decisionmakers, not generalized commentary by third parties or agency staff untethered to the challenged action, *see* ECF 24 at 42. And the decisions acknowledged that Chairman Ferguson's comments about the investigation at the

1

workshop addressed the unquestionably legitimate topic of the scientific substantiation of medical claims. *Endocrine*, 2026 WL 1257289, at *11.

The opinions also mischaracterize a 2024 memo, which says that Chairman Ferguson would "[f]ight back against the trans agenda," by omitting the abutting explanation that the FTC should investigate entities that "deceptively pushed" treatments "while failing to disclose strong evidence that such interventions are not helpful and carry enormous risks." ECF 6-2 at 31; *see Endocrine*, 2026 WL 1257289, at *11. That omitted context confirms the Commission's stated focus on potentially deceptive or unsubstantiated representations—a consumer protection concern squarely within the FTC's bailiwick.

Nor is the reasoning regarding the breadth of the CIDs persuasive. The decisions infer retaliatory intent from requests seeking, for example, financial information and materials concerning the context of statements. But those requests are facially relevant to the threshold jurisdictional and statutory questions, including whether the recipient engaged in commercial speech and whether it operates in a manner consistent with the limitations applicable to nonprofit entities. ECF 24 at 49-50. The mere breadth of investigative demands in a complex investigation does not establish unconstitutional retaliation.

The district court's legal conclusions reflect many of the same errors identified in Defendants' briefing here. Notably, the court rejected the FTC's channeling argument on the theory that the plaintiffs' claims were supposedly "independent of the CID's content, legal authorization, or scope." 2026 WL 1257289, at *7. Yet the court's own merits analysis disproves the point by devoting extensive discussion to the CID's scope, substance, and asserted investigative justification in assessing causation and the Commission's motive. *Id.* at *12-14. That error, among several others, should not be repeated here.

2

Dated: May 14, 2026

OF COUNSEL:

LUCAS CROSLOW
*General Counsel*

Alex Potapov
*Deputy General Counsel*

ETHAN D. BECK
*Counsel to the General Counsel*


CHRISTOPHER MUFARRIGE
*Director*, Bureau of Consumer Protection

KATHERINE WHITE
*Deputy Director*, Bureau of Consumer Protection

*Federal Trade Commission*
*600 Pennsylvania Ave., N.W.*
*Washington, DC 20580*
*(202) 326-2110*
*ebeck@ftc.gov*

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General, Civil Division*

JOHN BAILEY
*Counsel to the Assistant Attorney General*

/s/ Daniel F. Mummolo
DANIEL F. MUMMOLO
*Counsel to the Assistant Attorney General*

*United States Department of Justice*
*Civil Division*
*950 Pennsylvania Ave. NW*
*Washington, DC 20530*
*Phone: (202) 514-6054*
*Email: daniel.f.mummolo@usdoj.gov*


*Attorneys for Defendants*

3