**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, <br><br> *Plaintiff*, <br><br> v. <br><br> FEDERAL TRADE COMMISSION; ANDREW N. FERGUSON, in his official capacity as Chair of the Federal Trade Commission; MARK R. MEADOR, in his official capacity as Commissioner of the Federal Trade Commission, <br><br> *Defendants*. | Case No. 1:26-cv-00508-CRC |

## <u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>

In connection with its pending motion for a preliminary injunction, Plaintiff American Academy of Pediatrics ("AAP") respectfully submits this notice of supplemental authority regarding a recent decision by Judge Matthew F. Kennelly of the U.S. District Court for the Northern District of Illinois, granting AAP's motion for a preliminary injunction against Florida Attorney General James Uthmeier (the "Florida AG") in his official capacity. *Am. Acad. of Pediatrics v. Uthmeier*, No. 1:26-cv-02401, ECF No. 35 (N.D. Ill. June 2, 2026) (attached as Exhibit A).

On December 9, 2025, the Florida AG's office filed a state-court enforcement action ("the Florida suit") against AAP for violations of the Florida Antitrust Act, the Florida Unfair and Deceptive Trade Practices Act, and Florida's Racketeer Influenced and Corrupt Organizations Act based on AAP's 2018 Policy Statement—the same publication targeted by the FTC's Civil Investigative Demand in this case. *Id.* at 42–43, 51. On March 4, 2026, AAP filed suit in the

Northern District of Illinois and moved for a preliminary injunction against the Florida AG, on the ground that the Florida action he brought violated AAP's First Amendment rights. *Id.* at 14. The Florida AG subsequently moved to dismiss AAP's complaint. *Id.*

Judge Kennelly's Opinion and Order (Exhibit A) denied the Florida AG's motion to dismiss and granted AAP's motion for a preliminary injunction. *Id.* at 58. In so ruling, Judge Kennelly found that the Florida AG's attempt to characterize AAP's Policy Statement as commercial in nature "is as weak as they come." *Id.* at 41–42. The court also found that AAP was likely to succeed in its claim that the Florida AG's suit violated its First Amendment rights, *id.* at 51, and that the Florida AG's enforcement action was brought in bad faith and without a reasonable expectation of success, *id.* at 50, 52, 55–56. Finally, the court held that AAP established irreparable harm, noting that "[i]rreparable harm is presumed in First Amendment cases," *id.* at 57 (citing *Int'l Ass'n of Fire Fighters, Local 365 v. City of East Chicago*, 56 F.4th 437, 450–51 (7th Cir. 2022)), and crediting AAP's evidence that the enforcement action would "negatively impact AAP's collaborative efforts, chill scientific discourse within the pediatric-health community, undermine security and attendance at AAP's events, and burden AAP employees with threats to their safety," *id.*

Based on the foregoing, Judge Kennelly directed AAP to submit a proposed preliminary injunction, to be entered in accordance with his order.

Dated: June 3, 2026

Respectfully submitted,

By: */s/ Stacey K. Grigsby*

Stacey K. Grigsby (DDC Bar No. 491197)
Laura Kim (DDC Bar No. 473143)
Amber M. Charles (DDC Bar No. 1035226)

Alexandra J. Widas (DDC Bar No. 1645372)
Alexandra J. Remick (DDC Bar No. 1737692)
COVINGTON & BURLING LLP
One CityCenter
850 10th Street NW
Washington, DC 20001
sgrigsby@cov.com
lkim@cov.com
acharles@cov.com
awidas@cov.com
aremick@cov.com

***Attorneys for Plaintiff American Academy of
Pediatrics***

3